**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**DINH TRAN**,
1425 17th Street, NW, Apt. 802
Washington, DC 20036,

*Plaintiff,*

v.

**THE HONORABLE STEVEN MNUCHIN**,
Secretary, U.S. Department of the Treasury,
In his official capacity,
1500 Pennsylvania Avenue, NW
Washington, DC 20220,

*Defendant.*

C.A. No. 1:17-CV-2601

**COMPLAINT**

The Plaintiff Dinh Tran ("Plaintiff") brings this action for injunctive, declaratory and monetary relief pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a *et seq*., and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a).

**Jurisdiction**

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552a(g)(1) and 28 U.S.C. § 1331.

**Venue**

2. Venue is appropriate in the District under 5 U.S.C. §§ 552a(g)(5) and 28 U.S.C. § 1391.

**Parties**

3. Plaintiff is a citizen of the United States of America and resides in the District of Columbia.

4. Defendant United States Department of the Treasury ("Treasury") is an agency within the meaning of 5 U.S.C. § 552a(a)(1) and is in possession and/or control of records pertaining to Plaintiff.

**Facts**

5. During the time period of September 10, 2012, through until September 22, 2017, when Plaintiff resigned, she worked as an Attorney-Advisor in the Office of Professional Responsibility ("OPR") within Treasury's Internal Revenue Service ("IRS").

6. Beginning in 2013, some of Plaintiff's managers within the OPR subjected her to discrimination in violation of Title VII of the Civil Rights Act, as amended (42 U.S.C. § 2000e).

7. Since no later than March 2015, in part to obtain a reprieve from the discrimination, Plaintiff began searching for a detail out of OPR.

8. On May 12, 2015, Plaintiff's first-level and second-level supervisors, Aretha Jones Arrington and Garrett Gluth, respectively, issued Plaintiff an annual performance appraisal for the performance period of April 1, 2014, through March 31, 2015, which contained multiple negative comments about Plaintiff's work performance.

9. On May 22, 2015, Plaintiff initiated an Employment Equal Opportunity ("EEO") complaint alleging that since no later than 2013 some of her managers within the OPR had subjected her to discrimination in violation of Title VII of the Civil Rights Act, as amended (42 U.S.C. § 2000e). Plaintiff's complaint included a challenge to the accuracy of the March 2015 performance appraisal.

10. On June 18, 2015, Plaintiff requested that her supervisor, Aretha Jones Arrington, Esq. (Supervisory Attorney/Advisor for OPR's Legal Analysis Branch) correct the inaccuracies in the March 2015 performance appraisal, but Ms. Arrington refused to do so on the basis that Plaintiff

filed an EEO complaint.

11. On or about August 1, 2015, Stephen Whitlock became the Director of the OPR and became Plaintiff's third-level supervisor. On or about that time, the outgoing Deputy Director of OPR, Mr. Lee Martin, briefed Mr. Whitlock about the existence of Plaintiff's EEO complaint.

12. On multiple occasions since at least September 21, 2015, Treasury and Plaintiff have engaged in communications about negotiating the resolution of her EEO complaint. Mr. Whitlock has served as the Treasury's settlement authority for the purpose of these communications. Plaintiff's EEO complaint is still pending.

13. For the time period of January 7, 2016, through March 7, 2016, Plaintiff invoked her Family and Medical Leave Act rights to be absent from work due to the impact of the work-related stress she attributed to her managers' maintenance of a hostile work environment.

14. On January 13 and 14, 2016, Mr. Whitlock and Plaintiff exchanged multiple emails culminating in Plaintiff's understanding that Mr. Whitlock would not disclose any of the information relating to or concerning her EEO complaint, including her contested March 2015 performance evaluation, to any other IRS departments with which she was seeking a detail.

15. As the OPR Director, Mr. Whitlock possessed the authority to access Plaintiff's March 2015 evaluation.

16. No later than February 8, 2016, IRS' Small Business/Self-Employed (SB/SE) Division Counsel set an interview with Plaintiff for a detail position, which was scheduled to occur in person on February 12, 2016 at 1:00 p.m.

17. On February 8, 2016, Bruce Meneely, SB/SE Deputy Division Counsel, asked the Plaintiff if he could speak with Mr. Whitlock about the Plaintiff and her work at OPR.

18. On February 9, 2016, Mr. Whitlock transmitted Plaintiff's March 2015 performance
rating to Mr. Meneely.

19. On Friday, February 12, 2016, beginning at 1:00 pm, Plaintiff interviewed with Jeffrey E. Gold, John M. Tkacik, and Bartholomew Cirenza, each managers within the SB/SE Division Counsel and each reporting to Mr. Meneely. During the meeting, Mr. Gold read directly from Plaintiff's March 2015 performance evaluation. Mr. Gold specifically quoted that "interactions with Management in e-mails and during personal interactions had to be addressed, as explained to her verbally and in writing on multiple occasions..[sic]" Mr. Gold stated to Plaintiff that he did not want someone else's problem in his own department. Mr. Cirenza interrogated Plaintiff about the performance evaluation, particularly its description of Plaintiff's work product. Instead of recognizing that Plaintiff received an "Exceeds" rating in the category of "Written Work," Mr. Cirenza focused on the negative narrative and recited the following portion of the evaluation: "Dinh should ensure that her written documents are free of all typographical errors or clerical errors prior to submission, rather than relying on management." SB/SE Division Counsel did not offer Plaintiff a detail opportunity.

20. Plaintiff suffered mental distress, embarrassment, and emotional trauma due to the unlawful dissemination of her 2015 performance evaluation and the resulting nonselection to the detail, which resulted in her having to continue to work under the managers she alleged had created a hostile work environment.

**First Cause of Action (Improper Dissemination under 5 U.S.C. § 552a(b))**

21. Plaintiff reasserts and incorporates by references here the statements contained in paragraphs 1 through 20 above.

22. During the time period of March 2015 through February 2016, in violation of 5 U.S.C. § 552a(b), OPR wrongfully disclosed to SB/SE Deputy Division Counsel Bruce Meneely office

materials located in and retrieved from (and/or disclosed by agency personnel who had a role in creating the record that contained the disclosed information) records retrievable by Plaintiff's name contained in a system of records, including but not limited to the contents of Plaintiff's March 2015 performance evaluation.

23. The Treasury, its employees and officers knew or should have known that their actions were improper, unlawful and/or in violation of the Privacy Act.

24. The Treasury, its employees and officers acted intentionally or willfully in violation of Plaintiff's privacy rights.

25. As a result of the Treasury's violation of the Privacy Act, Plaintiff has suffered adverse and harmful effects, including, but not limited to, mental distress, emotional trauma, embarrassment, humiliation, and lost or jeopardized present or future financial opportunities.

**Second Cause of Action (Damages for Improper Dissemination under 5 U.S.C. § 552a(g)(1)(D)**

26. Plaintiff reasserts and incorporates by references here the statements contained in paragraphs 1 through 25 above.

27. The failure of SB/SE to offer Plaintiff a detail denied her an opportunity to achieve some reprieve from the hostile work environment created and maintained by OPR against her and to gain new and develop preexisting skill sets.

28. Plaintiff suffered an adverse effect because of OPR's improper dissemination in violation of 5 U.S.C. § 552a(b) resulted in her not being selected for the detail to SB/SE.

29. Mr. Whitlock intentionally and willfully disclosed the 2015 performance evaluation with the intent of harming Plaintiff. Mr. Whitlock should have known in light of his position that he was violating the Privacy Act. Mr. Whitlock's disclosure was motivated by unlawful animus. Mr. Whitlock did not rely upon any policy for his decision. Mr. Whitlock was aware that

Plaintiff had disputed and had been disputing the accuracy of the March 2015 performance evaluation.

30. Plaintiff took leave from work to address the trauma caused to her by Mr. Whitlock's unauthorized disclosures.

31. Plaintiff paid for medical treatment to address the trauma caused to her by Mr. Whitlock's unauthorized disclosures.

32. Plaintiff paid for transportation for the purpose of receiving medical treatment for trauma caused to her by Mr. Whitlock's unauthorized disclosures.

33. Plaintiff was denied employment opportunities because Mr. Whitlock's unauthorized disclosures disqualified Plaintiff for employment opportunities because she could not satisfy performance requirements.

## Relief Requested

WHEREFORE, Plaintiff requests that the Court award her the following relief:

(1) Declare that the Treasury violated the Privacy Act;

(2) Award Plaintiff any actual damages under 5 U.S.C. § 552a(g)(4)(A), the exact amount of which is to be determined at trial, but is not less than $1,000;

(3) Award Plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. §§ 552a(g)(3)(B) and/or (4)(B) and/or 28 U.S.C. § 2412(d);

(4) Refer those Treasury officials responsible for violating the Privacy Act for prosecution under 5 U.S.C. § 552a(i)(1); and

(5) Grant such other relief as the Court may deem just and proper.

Dated: December 5, 2017                                   Respectfully submitted,

*/s/ Ricardo J.A. Pitts-Wiley*
Ricardo J.A. Pitts-Wiley, Esq.
DC Bar No. 982952
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 808-3133
Facsimile: (888) 899-6053
rpittswiley@fedpractice.com